SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATHERINE A. RYKKEN, CAB #267196**
Assistant United States Attorney
Katherine.Rykken@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00122-MO-02** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **LAWRENCE SHAW,** | |
| **Defendant.** | |

I.      **Introduction**

Lawrence Shaw ("Shaw" or "defendant") coordinated with his co-defendants to fraudulently obtain and resell rental equipment from Home Depot, causing an estimated loss of approximately $348,361 overall and directly causing a loss of $65,980.75. Consistent with the plea agreement, the government recommends that the Court sentence Shaw to six months, which is the low end of the applicable Sentencing Guidelines.

/ / /

/ / /

**Government's Sentencing Memorandum**                                    **Page 1**

II.     **Factual Background**

A.      **The Charges**

Defendant was charged in a ten-count indictment with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and three counts of wire fraud, in violation of 18 U.S.C. § 1343.

B.      **The Offense Conduct**

From April to June of 2023, Shaw and others rented equipment from Home Depot and then resold the equipment on online platforms like Facebook Marketplace.  This fraud scheme was organized by Shaw's co-defendant Roy Lennell Clark and included renting the equipment (using real identification), using a debit card, and then reselling the equipment online.  As part of the conspiracy, Shaw was charged with transactions occurring in June of 2023, which included fraudulent rentals from Home Depots located in Oregon and Washington.  The charged wire fraud transactions are the rental payments to Home Depot that enabled the fraud scheme.  Those payments went to an OnPoint Community Credit Union account located in Oregon.

With respect to Shaw, the parties agree that the loss amount to Home Depot is $65,980.75, based on the replacement value of the theft of four different items from Home Depot.  (*See* Plea Agreement ¶ 5; PSR ¶ 9.)  The parties also agree that the restitution amount is $65,980.75 to Home Depot (*See* Plea Agreement ¶ 16; PSR ¶ 9.)

III.    **The Plea Agreement & Guideline Computations**

Defendant agreed to plead guilty to count one of the Indictment, that is, conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  In exchange, the government will dismiss the remaining counts against Shaw at sentencing (that is, counts four, five, and six).  The government will also, subject to the limitations set forth in the agreement, recommend that defendant receive a two-level reduction for acceptance of responsibility.  The government will

**Government's Sentencing Memorandum**                                         **Page 2**

also recommend that the court vary downward by three levels because of the factors set forth in 18 U.S.C. § 3553 and in USSG Chapter 5, Part H.

The PSR calculates that defendant's criminal history category is III, based on a total criminal history score of 6.  (PSR ¶ 56.)

The parties agree with the following PSR computations[1]:

| Enhancement | Government's Position |
|---|---|
| Base— USSG § 2B1.1(a)(1) | 7 (not contested) |
| Loss— USSG § 2B1.1(b)(1)(D) more than $40,000 and less than $95,000 | 6 (not contested) |
| Acceptance of Responsibility— USSG § 3E1.1 | -2 (not contested) |
| Government Variance Recommendation— 18 U.S.C. § 3553; USSG § 5H | -3 |
| **Total Offense Level** | **8** |
| **Resulting Guideline Range** | **6-12 months** |

## IV.    <u>Argument</u>

### A.    Government's Recommended Sentence

Consistent with the plea agreement, the government recommends a 6-month sentence, which is at the low end of the applicable Guideline Range.  Under the sentencing factors set forth in 18 U.S.C. § 3553(a), the government does not believe that departing any further below the applicable guideline is warranted but does believe that defendant's background and his quick acceptance of responsibility support a low-end recommendation.

---

[1] The PSR does not include the government variance recommendation as part of its calculation. The PSR instead leaves the Total Offense Level at 11.  (PSR ¶ 38.)

**Government's Sentencing Memorandum**                                                          **Page 3**

The nature and circumstances of the offense show that defendant was involved in a deliberate fraud scheme to resell stolen rental equipment from Home Depot.  Although defendant's involvement in the scheme was brief, it was done knowingly.  The parties' intentionally narrow plea agreement adequately accounts for the more limited nature of defendant's involvement in the overall fraud scheme.

With respect to defendant's history and characteristics, 18 U.S.C. § 3553(a)(1), defendant's criminal history is lengthy, including drug and gun convictions, failures to appear, and several driving violations.  (PSR ¶¶ 41-55.)  As the government recognizes, however, defendant's background contains other mitigating factors that warrant the government's requested additional three-level downward variance.  (*See* PSR ¶¶ 90-92.)

### B.    Restitution

The parties agree that the restitution amount should be at least $65,980.75.  (*See also* PSR ¶¶ 114-15).

### V.    Conclusion

Based on the foregoing, the government recommends that this Court impose a low-end sentence of six months, followed by a three-year term of supervised release, and restitution in the amount of $65,980.75.

Dated: June 17, 2026                        Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Katherine A. Rykken*
KATHERINE A. RYKKEN, CAB #267196
Assistant United States Attorney

**Government's Sentencing Memorandum**                        **Page 4**